UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JESSE MYRON SIERRA,<br><br>                    Petitioner,<br><br>        vs.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | 5:25-CV-05020-KES<br><br><br>ORDER DENYING MOTION FOR<br>COUNSEL (DOC. 4) |

Petitioner has filed the present Motion for the Appointment of Counsel (Doc. 4).  This habeas corpus matter is pending pursuant to 28 U.S.C. § 2255. "There is no recognized constitutional right under the Sixth Amendment for the appointment of counsel in habeas corpus cases." Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994).  Because a habeas action is civil in nature, the Sixth Amendment right to counsel which is applicable in criminal proceedings does not apply. Id.

The statutory basis for the appointment of counsel in a habeas case is found at 18 U.S.C. § 3006A(a)(2)(B) and Rules 6(a) & 8(c), Rules Governing Section 2255 Cases in United States District Courts.  Those statutes provide in relevant part:

**18 U.S.C. § 3006A(a)(2)(B):**

(2) Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who

\*\*

(B)  is seeking relief under section 2241, 2254, or 2255 of title 28.

**Rule 6(a):**

If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.

**Rule 8(c):**

If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A . . . .  These rules do not limit the appointment of counsel under § 3006A at any stage of the proceeding.

The appointment of counsel in a habeas case is discretionary when no evidentiary hearing is necessary.  <u>Hoggard</u>, 29 F.3d at 471 (internal citations omitted).  "In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." <u>Id.</u>

Based on the claims in Petitioner's § 2255 petition (Doc. 1), the interests of justice do not warrant appointing counsel at this time.  Should this court determine subsequently that Petitioner has claims which require counsel for effective discovery or the holding of an evidentiary hearing, the court will appoint counsel at that time.  At the present time, the motion is premature, and accordingly, is denied.

DATED this 26th day of March, 2025.

BY THE COURT:

DANETA WOLLMANN
United States Magistrate Judge