UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JESSE MYRON SIERRA,<br><br>    Movant,<br><br> vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | 5:25-CV-05020-KES<br><br>ORDER DENYING MOTION TO COMPEL BY MOVANT<br><br>DOCKET NO. 38 |

## INTRODUCTION

This matter is before the court on the *pro se* motion of Jesse Myron Sierra to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. See Docket No. 1.[1] Now pending is a motion by Mr. Sierra to compel discovery. See Docket No. 38. This matter was referred to this magistrate judge for a decision pursuant to 28 U.S.C. § 636(b)(1)(A) and DSD LR Civ. 72.1.

## DISCUSSION

Rule 6 of the Rules Governing 2255 Motions provides:

(a) **Leave of Court Required.** A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordinace with the practices and principles of law. If necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.

---

[1] Documents cited from this civil habeas file will be cited using the court's assigned docket number. Documents from Mr. Sierra's underlying criminal case, United States v. Sierra, 5:19-CR-50110-KES (D.S.D.), will be cited using the court's assigned docket number preceded by "CR."

> (b) **Requesting Discovery**.  A party requesting discovery must provide reasons for the request.  The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.

See Rule 6(a) & (b) of the Rules Governing 2255 Motions.

A habeas petitioner is not ordinarily entitled to discovery.  Newton v. Kemna, 354 F.3d 776, 783 (8th Cir. 2004) (citing Bracy v. Gramley, 520 U.S. 899, 904 (1997)).  Good cause under Rule 6 exists where the petitioner has shown "specific allegations . . . that the petitioner may . . . be able to demonstrate that he is . . . entitled to relief."  Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)).  The burden rests on Mr. Sierra to show good cause.

The first step in determining if Mr. Sierra has shown good cause is to "identify the 'essential elements' of [his] claim."  Bracy, 520 U.S. at 904.  In Mr. Sierra's § 2255 motion, he asserts counsel was ineffective for failing to investigate the black ZTE cell phone, the Galaxy cell phone, and the victim, E.W.'s, posting on her social media sites Facebook and Snapchat.  See Docket No. 1-1.  In order to show a claim of ineffective assistance of counsel, Mr. Sierra must demonstrate (1) that his former counsel's representation of him was deficient in that it fell below constitutional standards and (2) that counsel's deficient performance prejudiced Mr. Sierra, creating a "reasonable probability" of a different outcome at trial, which means a "substantial," not just a "conceivable" likelihood of a different result.  Cullen v. Pinholster, 563 U.S. 170, 189 (2011); Strickland v. Washington, 466 U.S. 668, 687 (1984).

Mr. Sierra wishes to receive discovery of the activity on the black ZTE wi-fi cell phone, the Galaxy cell phone, E.W.'s Facebook account, and E.W.'s Snapchat account for the period covering the crimes of which Mr. Sierra has been convicted. Docket No. 38 & 39. He explains that this evidence will show that during the period that E.W. was kidnapped (July 13-21, 2019), E.W. had control of and use of these two cell phones, had the ability to use them, in fact did use them to—among other things—post on her Facebook account and send messages on Snapchat. Docket No. 39 at 5-7. Mr. Sierra asserts this evidence will show that E.W. was not in fact kidnapped, had the ability to communicate with others and ask for help if she needed it, did communicate with others, and did not ask for help. Id. All of this, Mr. Sierra posits, will show that he never kidnapped E.W. Id.

These assertions were made in the context of Mr. Sierra's ineffective assistance of counsel claims and are discussed in great detail in the report and recommendation this court filed this same date. See Docket No. 40. Mr. Sierra's assertions of ineffective assistance are measured against the evidence adduced at Mr. Sierra's five-day jury trial. In short, this court rejected those assertions. Id. The court found that there was evidence introduced at trial that E.W. **did** communicate via her Facebook profile and her Snapchat account during the time frame she was kidnapped. Id. That she **did** have possession of not only the ZTE phone and the Galaxy phone, but she also was given Mr. Sierra's mother's cell phone to use to call the Rapid City Police Department. Id. Counsel for Mr. Sierra also explored in great detail at trial the

3

many opportunities E.W. had to communicate with others while she was kidnapped and to ask for help. Id. The evidence showed that, for whatever reason, E.W. never tried to summon help. Id. The evidence Mr. Sierra seeks in his motion would merely have been cumulative of the evidence that was actually presented to the jury. Despite the fact that E.W. never sought help via cell phones or any other avenue, the jury found beyond a reasonable doubt that Mr. Sierra kidnapped E.W.

    The court concludes that Mr. Sierra has not shown "good cause" as required under Rule 6 to obtain the discovery he now requests. As the court determined in the report and recommendation filed this date, Mr. Sierra's former counsel was not constitutionally deficient with regard to these areas of evidence that Mr. Sierra seeks discovery regarding and, even if counsel were deficient, Mr. Sierra was not prejudiced. Id. If the district court rejects this magistrate judge's recommendation to dismiss Mr. Sierra's § 2255 motion with regard to Mr. Sierra's claims of ineffective assistance regarding the two cell phones and E.W.'s social media accounts, Mr. Sierra may renew his motion for discovery at that time.

## CONCLUSION

    Based on the foregoing discussion, it is

    ORDERED that Mr. Sierra's motion for discovery [Docket No. 38] is denied for the reasons stated herein and for the reasons discussed in greater length in the court's report and recommendation [Docket No. 40] filed this same day, which are incorporated herein by reference.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections unless an extension of time for good cause is obtained. FED. R. CIV. P. 6(b)(1), 72(a). Failure to file timely objections will result in the waiver of the right to appeal this ruling. United States v. Becerra, 73 F.4th 966, 972-73 (8th Cir. 2023). Objections must be specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990).

DATED this 6th day of March, 2026.

BY THE COURT:

*[signature: Veronica L. Duffy]*

VERONICA L. DUFFY
United States Magistrate Judge